UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES R. LEDFORD,

      Plaintiff,

v.                                                                    Case No. 8:20-cv-2516-JSM-SPF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Supplemental Petition for Attorney Fee pursuant to 42 U.S.C. § 406(b).[1] (Doc. 33). On June 1, 2022, the undersigned issued an amended report and recommendation recommending that the Commissioner's decision be reversed and remanded. (Doc. 25). On June 17, 2022, the district judge entered an order adopting the report and recommendation (Doc. 27) and judgement was entered in Plaintiff's favor (Doc. 28). The Court then awarded Plaintiff's attorneys $5,780.28 in fees and $400 in costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 30). Upon remand, the Commissioner issued a favorable decision resulting in Plaintiff's award of $99,909 in past-due benefits. (Doc. 31-1 at 3). In September 2025, Plaintiff's counsel received $19,196.97 in fees under section 406(b).[2] (Docs. 31, 32). Subsequently, in March 2025, Plaintiff received

---

[1] Plaintiff states in several instances that his counsel seeks fees under "Section 206(b)(1)" of the Social Security Act. *See, e.g.*, (Doc. 33 at 1, 2, 6). Section 206(b)(1), however, does not exist and Plaintiff otherwise cites section 406(b)(1) as the authority on which he relies. The Court therefore concludes that Plaintiff mistakenly references section 206(b)(1) and construes the entirety of his motion under section 406(b)(1).

[2] The agency withheld twenty-five percent of Plaintiff's past due benefits, or $24,977.25, to pay Plaintiff's attorney. (Doc. 31-1 at 3). Any award, however, must be offset by the EAJA fees. *See Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's

notices of award for three auxiliary beneficiaries totaling $36,001 which also resulted from the remand of Plaintiff's claim and the Commissioner's later favorable decision.[3] (Doc. 33-1).  Plaintiff's counsel now seeks a supplemental fee award under section 406(b) from the awards to these auxiliary beneficiaries.  (Doc. 33).  The Commissioner did not respond to Plaintiff's request, so the Court directed the Commissioner to file a response no later than April 24, 2026.  (Doc. 34).  The Commissioner still has not filed a response, so the Court deems Plaintiff's motion as unopposed.  *See* M.D. Fla. R. 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Under section 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for his representation.  Such fee is not to exceed twenty-five percent of the retroactive benefits to which the claimant is entitled.  42 U.S.C. § 406(b).  Even when the fees requested are unopposed and the fee sought does not exceed the statutory limitation on attorneys' fees, the Court still must inquire whether such fee is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "Generally, the best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client."  *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citation and quotations omitted).  Other factors to be considered address the "character of the

---

payment to claimant of the amount of the EAJA award or by a reduction of the section 406(b) fee request in the amount of the EAJA fee award.  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010).  Here, Plaintiff's counsel sought a section 406(b) award of $19,196.97 to account for the $5,780.28 in EAJA fees he already obtained.  (Doc. 31).

[3] The auxiliary beneficiaries appear to be Plaintiff's children.  *See* (Doc. 33-1 at 7, 11, 15) (stating that the awards are "a monthly child's benefit").  Auxiliary beneficiary I.T.L. was awarded $12,224.00, auxiliary beneficiary I.J.L. received $12,224.00, and auxiliary beneficiary E.A.D.L. obtained $11,553.00.

representation and the results the representative achieved"; for example, whether the attorney was responsible for a delay that would result in a greater fee due to the accumulation of back benefits and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (citations omitted).  Although a court is not to apply a lodestar method in determining the reasonableness of an agreed-upon contingency fee, a court may consider the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Here, Plaintiff's counsel seeks supplemental fees for his representation of Plaintiff during the appeal before this Court, which reversed and remanded Plaintiff's application to the agency, which in turn issued a favorable decision.  The agency found Plaintiff disabled and awarded benefits to him and his auxiliary beneficiaries calculated back to January 2017. *See* (Doc. 33-1).  Plaintiff entered into a fee agreement to pay her counsel twenty-five percent of the past-due benefits awarded.  (*Id.*).  According to the agency's Notices of Award, the auxiliary beneficiaries' past-due benefits total $36,001, such that twenty-five percent equals $9,000.25.  (*Id.*).  Plaintiff's counsel therefore seeks a supplemental fee award of $9,000.25 under 42 U.S.C. § 406(b).[4]  (Doc. 33).

Counsel attests to performing 29.45 hours of work on this case.  (Doc. 33-4 at 2).  This amounts to an hourly fee of $1,153.74 for attorney time.  Considering the risk counsel assumes in a contingency case, this is reasonable. *See Amador v. Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of

---

[4] While counsel's EAJA award is typically deducted from the total to be paid under section 406(b), *Watford*, 765 F.2d at 1566 n.5, the EAJA fee award in this case was already accounted for in counsel's first section 406(b) petition and award, (Doc. 32).

$1,279.00 and finding it was not a windfall to the attorney); *Vilkas v. Comm'r of Soc. Sec.,* No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart,* 412 F. Supp. 2d 1240, 1242–44 (M.D. Ala. 2005) (citing *Claypool v. Barnhart,* 294 F. Supp. 2d 829 (S.D.W. Va. 2003), wherein $1,433.12 per hour was permitted).

It is **RECOMMENDED**:

1. Plaintiff's Supplemental Petition for Attorney Fee Pursuant to § 406(b) (Doc. 33) be **GRANTED**;

2. Plaintiff's counsel be awarded $9,000.25 in attorneys' fees; and

3. The Clerk of the Court enter judgment accordingly.

**IT IS SO REPORTED** in Tampa, Florida, on April 29, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.